UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03CV12494PBS

| | |
|---|---|
| BLAS SOLAS,<br>      Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| KIKUKAWA IRON WORKS, INC.,<br>KOCH MACHINERY AND SYSTEMS,<br>Formerly Known As<br>LEWYN MACHINERY, INC.,<br>ALLIANCE MACHINERY, INC., and<br>ABC CORPORATION,<br>A Fictitious Name,<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER OF THE DEFENDANT, KIKUKAWA IRON WORKS, INC.
TO THE PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW comes the defendant, Kikukawa Iron Works, Inc. ("Kikukawa") and hereby responds to the plaintiff's Complaint paragraph by paragraph as follows:

**Jurisdiction**

1. The defendant lacks sufficient information to admit or deny the allegations contained in paragraph 1 of the plaintiff's Complaint.

2. The defendant admits the allegations contained in paragraph 2 of the plaintiff's Complaint.

3. The defendant lacks sufficient information to admit or deny the allegations contained in paragraph 3 of the plaintiff's Complaint.

4. The defendant lacks sufficient information to admit or deny the allegations contained in paragraph 4 of the plaintiff's Complaint.

5. The defendant lacks sufficient information to admit or deny the allegations contained in paragraph 5 of the plaintiff's Complaint.

6. The defendant neither admits nor denies the allegations contained in paragraph 6 of the plaintiff's Complaint as it is a legal conclusion to which no response is required.

7. The defendant neither admits nor denies the allegations contained in paragraph 7 of the plaintiff's Complaint as it is a legal conclusion to which no response is required.

8. The defendant neither admits nor denies the allegations contained in paragraph 8 of the plaintiff's Complaint as it is a legal conclusion to which no response is required. To the extent that paragraph 8 contains any factual averments against this defendant, they are denied.

## COUNT I

1. The defendant admits the allegations contained in paragraph 1 of Count I of the plaintiff's Complaint.

2. The defendant lacks sufficient information to admit or deny the allegations contained in paragraph 2 of Count I of the plaintiff's Complaint. To the extent that paragraph 2 of Count I contains any factual averments against this defendant, they are denied.

3. The defendant lacks sufficient information to admit or deny the allegations contained in paragraph 3 of Count I of the plaintiff's Complaint.

4. The defendant lacks sufficient information to admit or deny the allegations contained in paragraph 4 of Count I of the plaintiff's Complaint.

5. The defendant lacks sufficient information to admit or deny the allegations contained in paragraph 5 of Count I of the plaintiff's Complaint.

6. The defendant lacks sufficient information to admit or deny the allegations contained in paragraph 6 of Count I of the plaintiff's Complaint.

7. The defendant denies the allegations contained in paragraph 7 of Count I of the plaintiff's Complaint.

8. The defendant denies the allegations contained in paragraph 8 of Count I of the plaintiff's Complaint.

9. The defendant neither admits nor denies the allegations contained in paragraph 9 of Count I of the plaintiff's Complaint as it is not directed to this defendant and no response is required.

10. The defendant denies the allegations contained in paragraph 10 of Count I of the plaintiff's Complaint.

11. The defendant neither admits nor denies the allegations contained in paragraph 11 of Count I of the plaintiff's Complaint as it is not directed to this defendant and no response is required.

12. The defendant neither admits nor denies the allegations contained in paragraph 12 of Count I of the plaintiff's Complaint as it is not directed to this defendant and no response is required.

13. The defendant denies the allegations contained in paragraph 13 of Count I of the plaintiff's Complaint.

14. The defendant denies the allegations contained in paragraph 14 of Count I of the plaintiff's Complaint.

WHEREFORE, Kikukawa respectfully requests that this Honorable Court dismiss Count I of the plaintiff's Complaint and enter judgment in its favor, together with its costs.

## COUNT II

1. The defendant repeats and incorporates herein by reference its responses to the allegations contained in Count I.

2. The defendant denies the allegations contained in paragraph 2 of Count II of the plaintiff's Complaint.

3. The defendant denies the allegations contained in paragraph 3 of Count II of the plaintiff's Complaint.

WHEREFORE, Kikukawa respectfully requests that this Honorable Court dismiss Count II of the plaintiff's Complaint and enter judgment in its favor, together with its costs.

## COUNT III

1. The defendant repeats and incorporates herein by reference its responses to the allegations contained in Counts I and II.

2. The defendant denies the allegations contained in paragraph 2 of Count III of the plaintiff's Complaint.

3. The defendant denies the allegations contained in paragraph 3 of Count III of the plaintiff's Complaint.

WHEREFORE, Kikukawa respectfully requests that this Honorable Court dismiss count III of the plaintiff's Complaint and enter judgment in its favor, together with its costs.

## COUNT IV

1. The defendant repeats and incorporates herein by reference its responses to the allegations contained in Counts I, II and III.

2. The defendant denies the allegations contained in paragraph 2 of Count IV of the plaintiff's Complaint.

28248.1

3. The defendant denies the allegations contained in paragraph 3 of Count IV of the plaintiff's Complaint.

4. The defendant denies the allegations contained in paragraph 4 of Count IV of the plaintiff's Complaint.

5. The defendant denies the allegations contained in paragraph 5 of Count IV of the plaintiff's Complaint.

WHEREFORE, Kikukawa respectfully requests that this Honorable Court dismiss Count IV of the plaintiff's Complaint and enter judgment in its favor, together with its costs.

## COUNT V

1. The defendant repeats and incorporates herein by reference its responses to the allegations set forth in Counts I, II, III and IV.

2. The defendant denies the allegations contained in paragraph 2 of Count V of the plaintiff's Complaint.

3. The defendant denies the allegations contained in paragraph 3 of Count V of the plaintiff's Complaint.

4. The defendant neither admits nor denies the allegations contained in paragraph 4 of Count V of the plaintiff's Complaint as they do not apply to this defendant and no response is required.

5. The defendant neither admits nor denies the allegations contained in paragraph 5 of Count V of the plaintiff's Complaint as they do not apply to this defendant and no response is required.

6. The defendant neither admits nor denies the allegations contained in paragraph 6 of Count V of the plaintiff's Complaint as they do not apply to this defendant and no response is required.

7. The defendant denies the allegations contained in paragraph 7 of Count V of the plaintiff's Complaint.

8. The defendant denies the allegations contained in paragraph 8 of Count V of the plaintiff's Complaint.

9. The defendant denies the allegations contained in paragraph 9 of Count V of the plaintiff's Complaint.

WHEREFORE, Kikukawa respectfully requests that this Honorable Court dismiss Count V of the plaintiff's Complaint and enter judgment in its favor, together with its costs.

28248.1

## COUNT VI

1. The defendant repeats and incorporates herein by reference its responses to Counts I, II, III, IV and V of the plaintiff's Complaint.

2. The defendant denies the allegations contained in paragraph 2 of Count VI of the plaintiff's Complaint.

3. The defendant denies the allegations contained in paragraph 3 of Count VI of the plaintiff's Complaint.

WHEREFORE, Kikukawa respectfully requests that this Honorable Court dismiss Count VI of the plaintiff's Complaint and enter judgment in its favor, together with its costs.

## COUNT VII

1. The defendant repeats and incorporates herein by reference its responses to Counts I, II, III, IV, V and VI of the plaintiff's Complaint.

2. The defendant denies the allegations contained in paragraph 2 of Count VII of the plaintiff's Complaint.

3. The defendant denies the allegations contained in paragraph 3 of Count VII of the plaintiff's Complaint.

WHEREFORE, Kikukawa respectfully requests that this Honorable Court dismiss Count VII of the plaintiff's Complaint and enter judgment in its favor, together with its costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:

And further answering, Kikukawa says that no notice of any alleged breach of warranty was given to the defendant as required by law and the defendant was thereby prejudiced.

### SECOND AFFIRMATIVE DEFENSE:

And further answering, Kikukawa states that it has performed and fulfilled all promises and obligations arising under all applicable warranties and, therefore, the plaintiff is barred from recovery.

### THIRD AFFIRMATIVE DEFENSE:

And further answering, Kikukawa says that it denies liability for any implied warranty of merchantability, since any product sold by the defendant was fit for the ordinary purpose for which said product was used.

### FOURTH AFFIRMATIVE DEFENSE:

And further answering, Kikukawa says that any product it sold was fit for its particular purpose and therefore the plaintiff is barred from recovery.

### FIFTH AFFIRMATIVE DEFENSE:

And further answering, Kikukawa denies that it breached any express warranties of any kind to any person and/or entity through whom the plaintiff is entitled to claim.

### SIXTH AFFIRMATIVE DEFENSE:

And further answering, Kikukawa states that counts 1 through 7 the plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE:

And further answering, Kikukawa says that if the plaintiff proves that the defendant was at fault as alleged, the plaintiff was at fault to a greater degree than the defendant and is barred from recovery

### EIGHTH AFFIRMATIVE DEFENSE:

And further answering, Kikukawa says that the plaintiff's recoveries, if any, must be diminished by the proportion of fault that is applicable to the plaintiff.

### NINTH AFFIRMATIVE DEFENSE:

And further answering, Kikukawa says that if it was negligent or committed any tort, which it denies, it is not liable as the plaintiff's injuries were due to an intervening or superceding cause.

### TENTH AFFIRMATIVE DEFENSE

And further answering, Kikukawa says that the plaintiff's rights to recovery, if any, is limited pursuant to the limited warranty applicable to the product.

### ELEVENTH AFFIRMATIVE DEFENSE

And further answering, Kikukawa says that the plaintiff's remedies, if any, are limited pursuant to the limited warranty applicable to the product.

### TWELFTH AFFIRMATIVE DEFENSE

And further answering, Kikukawa says that the plaintiff lacks privity with the defendant, and his claims based on warranty are barred in whole or in part.

28248.1

### THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, Kikukawa says that the plaintiff's injuries, if any, resulted from the negligence of a third party over whom the defendant had no control.

### FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, Kikukawa says that any recovery by the plaintiff must be reduced because he failed to mitigate his damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

And further answering, Kikukawa says that the plaintiff may not recover from the defendant because the product in dispute was misused.

### SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, Kikukawa states that even if it breached warranties as alleged, which the defendant denies, the product involved in this action was changed in substance and form after it left the control of the defendant by the plaintiff or by one for whose conduct the defendant is not responsible, and such changes were the actual cause of the plaintiff's alleged damages.

### **JURY DEMAND**

THE DEFENDANT, KIKUKAWA IRON WORKS, INC., DEMANDS A TRIAL BY JURY ON ALL ISSUES WHERE THERE IS A RIGHT TO JURY TRIAL

.

### **CROSS-CLAIMS**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, the defendant, Kikukawa Iron Works, Inc. asserts the following cross-claims against the co-defendants, Koch Machinery and Systems, formerly known as Lewyn Machinery, Inc., Alliance Machinery, Inc. and ABC Corporation, a fictitious name:

### **COUNT I**
### **CONTRIBUTION**
### **(against Koch Machinery and Systems, formerly known as Lewyn Machinery, Inc.)**

1. In his complaint, the plaintiff alleges that he suffered damages as a result of an accident which occurred when the safety device on a Rip Saw he was using failed, thereby causing a piece of wood to be propelled backward and impaling the plaintiff in the abdomen. The

28248.1

      Rip Saw was allegedly inspected, marketed and sold by the cross-claim defendant, Koch Machinery and Systems, formerly known as Lewyn Machinery ("Lewyn").

2.     If the defendant, Kikukawa Iron Works, Inc., is found to be legally liable to the plaintiff, which Kikukawa expressly denies, then such liability, if any, is attributable to the acts, errors, or omissions of the cross-claim defendant, for which Kikukawa is entitled a contribution from the cross-claim defendant, Lewyn.

      WHEREFORE, the defendant, Kikukawa Iron Works, Inc., respectfully demands judgment against the cross-claim defendant, Lewyn, for contribution, together with interest, costs and attorney's fees, and other such relief as this Court deems just and proper.

**COUNT II
INDEMNIFICATION
(against Koch Machinery and Systems, formerly known as Lewyn Machinery, Inc.)**

1.     Kikukawa repeats and incorporates herein by reference the allegations set forth in Count I of its cross-claim as if plead more fully herein.

2.     If the defendant, Kikukawa Iron Works, Inc., is found to be legally liable to the plaintiff, which Kikukawa expressly denies, then such liability, if any, is attributable to the acts, errors, or omissions of the cross-claim defendant, for which Kikukawa is entitled to contractual indemnification from the cross-claim defendant, Lewyn.

      WHEREFORE, the defendant, Kikukawa Iron Works, Inc., respectfully demands judgment against the cross-claim defendant, Lewyn, for indemnification, together with interest, costs and attorney's fees, and other such relief as this Court deems just and proper.

**COUNT III
COMMON LAW INDEMNIFICATION
(against Koch Machinery and Systems, formerly known as Lewyn Machinery, Inc.)**

1.     Kikukawa repeats and incorporates herein by reference the allegations set forth in Counts I and II of its cross-claim as if more fully plead herein.

2.     If the defendant, Kikukawa Iron Works, Inc., is found to be legally liable to the plaintiff, which Kikukawa expressly denies, then such liability, if any, is attributable to the acts, errors, or omissions of the cross-claim defendant, for which Kikukawa is entitled to common law indemnification from the cross-claim defendant, Lewyn.

      WHEREFORE, the defendant, Kikukawa Iron Works, Inc., respectfully demands judgment against the cross-claim defendant, Lewyn, for common law indemnification, together with interest, costs and attorney's fees, and other such relief as this Court deems just and proper.

28248.1

## COUNT IV
## CONTRIBUTION
### (against Alliance Machinery, Inc.)

1. In his Complaint, the plaintiff alleges that he suffered damages as a result of an accident which occurred when the safety device on a Rip Saw he was using failed, thereby causing a piece of wood to be propelled backward and impaling the plaintiff in the abdomen. The Rip Saw was allegedly inspected, marketed and sold by the cross-claim defendant, Alliance Machinery, Inc.

2. If the defendant, Kikukawa Iron Works, Inc., is found to be legally liable to the plaintiff, which Kikukawa expressly denies, then such liability, if any, is attributable to the acts, errors, or omissions of the cross-claim defendant, Alliance Machinery, Inc., for which Kikukawa is entitled a contribution from the cross-claim defendant, Alliance Machinery, Inc.

WHEREFORE, the defendant, Kikukawa Iron Works, Inc., respectfully demands judgment against the cross-claim defendant, Alliance Machinery, Inc., for contribution, together with interest, costs and attorney's fees, and other such relief as this Court deems just and proper.

## COUNT V
## INDEMNIFICATION
### (against Alliance Machinery, Inc.)

1. Kikukawa repeats and incorporates herein by reference the allegations set forth in Count IV of its cross-claim as if set forth more fully herein.

2. If the defendant, Kikukawa Iron Works, Inc., is found to be legally liable to the plaintiff, which Kikukawa expressly denies, then such liability, if any, is attributable to the acts, errors, or omissions of the cross-claim defendant, Alliance Machinery, Inc., for which Kikukawa is entitled to indemnification from the cross-claim defendant, Alliance Machinery, Inc.

WHEREFORE, the defendant, Kikukawa Iron Works, Inc., respectfully demands judgment against the cross-claim defendant, Alliance Machinery, Inc., for indemnification, together with interest, costs and attorney's fees, and other such relief as this Court deems just and proper.

## COUNT VI
## COMMON LAW INDEMNIFICATION
### (against Alliance Machinery, Inc.)

1. Kikukawa repeats and incorporates herein by reference the allegations contained in Counts IV and V of its cross-claim as if set forth more fully herein.

2. If the defendant, Kikukawa Iron Works, Inc., is found to be legally liable to the plaintiff,

28248.1

which Kikukawa expressly denies, then such liability, if any, is attributable to the acts, errors, or omissions of the cross-claim defendant, Allaince Machinery, Inc., for which Kikukawa is entitled to common law indemnification from the cross-claim defendant, Alliance Machinery, Inc.

WHEREFORE, the defendant, Kikukawa Iron Works, Inc., respectfully demands judgment against the cross-claim defendant, Alliance Machinery, Inc., for common law indemnification, together with interest, costs and attorney's fees, and other such relief as this Court deems just and proper.

## COUNT VII
## CONTRIBUTION
### (against ABC Corporation)

1. In his Complaint, the plaintiff alleges that he suffered damages as a result of an accident which occurred when the safety device on a Rip Saw he was using failed, thereby causing a piece of wood to be propelled backward and impaling the plaintiff in the abdomen. The Rip Saw was allegedly negligently designed, manufactured, inspected, tested, packaged, marketed and distributed by the cross-claim defendant, ABC Corporation, a fictitious name.

2. If the defendant, Kikukawa Iron Works, Inc., is found to be legally liable to the plaintiff, which Kikukawa expressly denies, then such liability, if any, is attributable to the acts, errors, or omissions of the cross-claim defendant, ABC Corporation, for which Kikukawa is entitled a contribution from the cross-claim defendant, ABC Corporation.

WHEREFORE, the defendant, Kikukawa Iron Works, Inc., respectfully demands judgment against the cross-claim defendant, ABC Corporation, for contribution, together with interest, costs and attorney's fees, and other such relief as this Court deems just and proper.

## COUNT VIII
## INDEMNIFICATION
### (against ABC Corporation)

1. Kikukawa repeats and incorporates by reference the allegations contained in Count VI of its cross-claim as if set forth more fully herein.

2. If the defendant, Kikukawa Iron Works, Inc., is found to be legally liable to the plaintiff, which Kikukawa expressly denies, then such liability, if any, is attributable to the acts, errors, or omissions of the cross-claim defendant, ABC Corporation, for which Kikukawa is entitled to indemnification from the cross-claim defendant, ABC Corporation.

WHEREFORE, the defendant, Kikukawa Iron Works, Inc., respectfully demands judgment against the cross-claim defendant, ABC Corporation, for indemnification, together with interest, costs and attorney's fees, and other such relief as this Court deems just and proper.

28248.1

## COUNT IX
## COMMON LAW INDEMNIFICATION
### (against ABC Corporation)

1.  Kikukawa repeats and incorporates herein by reference the allegations set forth in Counts VII and VIII of its cross-claim as if set forth more fully herein.

2.  If the defendant, Kikukawa Iron Works, Inc., is found to be legally liable to the plaintiff, which Kikukawa expressly denies, then such liability, if any, is attributable to the acts, errors, or omissions of the cross-claim defendant, ABC Corporation, for which Kikukawa is entitled to common law indemnification from the cross-claim defendant, ABC Corporation.

   WHEREFORE, the defendant, Kikukawa Iron Works, Inc., respectfully demands judgment against the cross-claim defendant, ABC Corporation, for common law indemnification, together with interest, costs and attorney's fees, and other such relief as this Court deems just and proper.

                                    The Defendant,
                                    Kikukawa Iron Works, Inc.,
                                    By its Attorneys,


                                    /s/ Geoffrey M. Coan
                                    Maynard M. Kirpalani, BBO #273940
                                    Geoffrey M. Coan, BBO #641998
                                    WILSON, ELSER, MOSKOWITZ,
                                    EDELMAN & DICKER LLP
                                    155 Federal Street
                                    Boston, MA 02110
                                    (617) 422-5300

Dated: August 9, 2004


CERTIFICATE OF SERVICE

[illegible certificate of service text]

August 9, 2004
/s/ Geoffrey M. Coan

28248.1